UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

                      **DECISION AND ORDER**
                           11-CR-384S
                           15-CR-81S

MARC IRWIN KORN,

                Defendant.

        Defendant Marc Irwin Korn is charged in two criminal cases in this district.

        First, Korn is charged in a 10-count superseding indictment under case number 11-CR-384S. In the first and second counts of that indictment, Korn is charged with committing wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme to defraud the American Friends of Assaf Harofeh Medical Center, between about March 2006 and February 2009. In the third and fourth counts, Korn is charged with committing wire fraud in connection with a scheme to defraud various leasing entities, between about August 2007 and July 2009. In the fifth count, Korn is charged with making a false statement to a bank on February 9, 2008, in violation of 18 U.S.C. § 1014. In the sixth, seventh, eighth, and ninth counts, Korn is charged with failing to pay over to the Internal Revenue Service certain FICA taxes that were due and owing in 2009, in violation of 26 U.S.C. § 7202. And in the tenth count, Korn is charged with making a false statement to law enforcement on June 8, 2010, in violation of 18 U.S.C. § 1001 (a)(2).

        Second, Korn is charged in a 3-count indictment with criminal conduct arising out of his bankruptcy proceedings under case number 15-CR-81S. In the first count, Korn

is charged with making a false material statement under oath on or about July 22, 2014, in violation of 18 U.S.C. § 152 (2). In the second count, Korn is charged with making a false material declaration on or about July 15, 2014, in violation of 18 U.S.C. § 152 (3). And in the third count, Korn is charged with fraudulent concealment, in violation of 18 U.S.C. § 152 (7).

Presently before this Court are Korn's motions to dismiss both indictments in the interests of justice due to his grave medical condition.[1] (11-CR-384S, Docket No. 336; 15-CR-81S, Docket No. 33.) He argues that dismissal is required in the interests of justice because he is physically unable to participate in courtroom proceedings or in the preparation of his defense, and therefore, unable to exercise his Sixth Amendment right to confront witnesses, resulting in prejudice. The government disputes the gravity of Korn's medical condition and opposes his attempt to secure dismissal of the indictments against him. Having considered the parties' arguments, this Court will deny Korn's motions for the reasons stated below.

Dismissal of an indictment is a remedy or sanction "reserved only for extremely limited circumstances implicating fundamental rights." United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001); see also United States v. Fields, 592 F.2d 638, 647 (2d Cir. 1978) (describing dismissal of an indictment as "the most drastic remedy available" and an "extreme sanction"). It is justified in "truly extreme cases," such as (1) to eliminate

---

[1] Korn's motions and a majority of the briefing have been sealed to prevent public disclosure of Korn's medical condition and health records. See Fed. R. Crim. P. 49.1 (d).

prejudice to a defendant, and (2) to deter government misconduct.  See United States v. Broward, 594 F.2d 345, 351 (2d Cir. 1979) (citing Fields, 592 F.2d at 647).

Here, Korn argues prejudice.  He claims that his physical condition renders him unable to participate in trial preparation or court proceedings, resulting in an inability to exercise his Sixth Amendment right to confront the witnesses against him.  This novel argument conflates two separate concepts—a defendant's Sixth Amendment right to confront witnesses and a defendant's physical fitness to stand trial[2]—and suffers from a fatal flaw: no claim of prejudice caused by the government.

Dismissal is a remedy or sanction imposed to cure prejudice arising from *government* action or misconduct.  See, e.g., United States v. Vasquez, No. 96 CR. 465 MBM, 1999 WL 1032468, at *2 (S.D.N.Y. Nov. 12, 1999) ("Dismissal of an indictment is an ultimate remedy that is reserved for truly extreme cases when a defendant has suffered otherwise irremediable prejudice due to pervasive misconduct by the government.") (internal quotations and citation omitted).  Nowhere does Korn allege that *the government* has acted or is acting to infringe his confrontation rights.  And tellingly, Korn offers no case in which an indictment has been dismissed in line with the argument he advances here.[3]  Korn's request for dismissal based on prejudice is therefore denied.

---

2 The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."  U.S. Const. amend VI.  This protection is "designed to ensure a fair trial with reliable evidence," Bullcoming v. New Mexico, 564 U.S. 647, 678, 131 S. Ct. 2705, 180 L. Ed. 2d 610 (2011) (Kennedy, J., dissenting), and it guarantees "a defendant's right to confront those who bear testimony against him," Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009).  Entirely distinct—and for the most part unrelated—is a defendant's physical fitness to stand trial, which must be determined by the court after "weighing the invariably unpredictable factor of a defendant's health against the Government's, indeed the public's, legitimate interest in a fair and speedy disposition."  Bernstein v. Travia, 495 F.2d 1180, 1182 (2d Cir. 1974).

3 Korn cites United States v. Stein, 541 F.3d 130, 158 (2d Cir. 2008) for the proposition that "[p]rejudice to

Put simply, neither the government nor anyone else is preventing Korn from fully exercising his Sixth Amendment rights.

Korn alternatively couches his prejudice arguments as requiring dismissal in the interests of justice due to his grave medical condition. This argument also fails: "A district court does not have the power to dismiss an indictment that is legally sufficient simply because it deems the dismissal to be in the interests of justice." United States v. Artuso, 618 F.2d 192, 196 (2d Cir. 1980) (citing United States v. Brown, 602 F.2d 1073, 1076 (2d Cir. 1979)); see also United States v. Bonventre, No. 10 Cr. 228 (LTS), 2011 WL 1197853, at *3 (S.D.N.Y. Mar. 30, 2011) (relying on Artuso). Accordingly, Korn's request to dismiss the indictments in the interests of justice is denied.[4]

Denying Korn's requests to dismiss the indictments does not end the matter. Korn's physical fitness to stand trial must once again be determined because his medical condition has changed since this Court last found him fit to stand trial more than two years ago. (11-CR-384S, Docket No. 272.) To make that determination, this Court must "weigh[ ] the invariably unpredictable factor of [Korn's] health against the Government's,

---

a defendant includes, but is not limited to, a defendant's inability to exercise their Constitutionally-guaranteed rights." (Docket No. 336-2, p. 3.) Stein involved a defendant's right to counsel—not to confront witnesses—under the Sixth Amendment. And Stein involved prejudice arising out of government action: defendants claimed that *the government* interfered with their right to counsel by pressuring their employer not to pay their legal fees without regard to cost. Dismissal of the indictment was therefore ordered as a sanction to cure the prejudice arising out of *government action*. See Stein, 541 F.3d at 136 ("We further hold that *the government* thus unjustifiably interfered with defendants' relationship with counsel and their ability to mount a defense, in violation of the Sixth Amendment, and that the government did not cure the violation. Because no other remedy will return defendants to the status quo ante, we affirm the dismissal of the indictment as to all thirteen defendants.") (emphasis added). Stein is therefore not instructive here.

4 The discretion to dismiss an indictment in the interests of justice rests with the United States Attorney's Office. As explained in his attorney's affidavit, Korn's attempts to convince the United States Attorney for the Western District of New York to dismiss the indictments in the interest of justice proved unsuccessful. (Docket No. 336-1, ¶¶ 25, 26.)

indeed the public's, legitimate interest in a fair and speedy disposition." Bernstein v. Travia, 495 F.2d 1180, 1182 (2d Cir. 1974). Five factors will inform this Court's decision: "(1) medical evidence; (2) defendant's activities outside the courthouse; (3) measures to minimize the risks to defendant's health; (4) usefulness of delay; and (5) seriousness of the case." United States v. Jones, 876 F. Supp. 395, 397 (N.D.N.Y. 1995) (citing United States v. Doran, 328 F. Supp. 1261, 1263 (S.D.N.Y. 1971)).

The parties continue to hold firm in their diametrically opposed positions: Korn insists that trial cannot go forward because his medical condition renders him unable to participate in his own defense and court proceedings; the government requests an immediate trial and insists that Korn is overstating his medical condition. Given this stark disagreement, this Court will direct that the Independent Medical Examiner, Gerald M. Gacioch, M.D., re-examine Korn and prepare an updated report.[5] The parties will thereafter be heard on the appropriateness of setting a trial date.

IT HEREBY IS ORDERED, that Defendant's Motions to Dismiss (11-CR-384S, Docket No. 336; 15-CR-81S, Docket No. 33) are DENIED.

FURTHER, that Gerald M. Gacioch, M.D., is hereby re-appointed to conduct an independent medical examination of the defendant.

FURTHER, that Gerald M. Gacioch, M.D., shall review all necessary medical records, conduct a physical examination of the defendant, and submit a written report with his relevant findings, conclusions, and medical opinions directly to this Court by June 14, 2018, with copies of the report to counsel for the government and the defendant.

---

5 The government requests that Dr. Gacioch re-examine Korn. (Docket No. 344, p. 16.)

FURTHER, that Gerald M. Gacioch, M.D., shall render an opinion as to (1) whether requiring the defendant to prepare for and participate in a trial of several weeks duration would create a substantial danger to his life or health, (2) whether any measures could be taken to minimize the risks to the defendant's life or health during trial, (3) whether, if the opinion is that the defendant is presently unable to prepare for or proceed to trial, the defendant might be able to proceed to trial in the future and what, if any, measures would the defendant need to take to be physically fit to stand trial, and (4) any other issues that will assist this Court in determining whether the defendant is physically able to withstand trial without creating a substantial danger to his life or health.

FURTHER, that the parties shall fully cooperate with all reasonable requests made by Gerald M. Gacioch, M.D., to accomplish the tasks set forth in this Decision and Order by the June 14, 2018 deadline.

FURTHER, that the government shall solely bear the cost of the independent medical examination and report.

FURTHER, that the report and the setting of a trial date will be discussed at the status conference previously scheduled before this Court on June 20, 2018, at 9:00 a.m.

FURTHER, that Defendant must be present at the status conference.

SO ORDERED.

Dated: April 24, 2018
       Buffalo, New York

                                              /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                             United States District Judge